### BOB NIXON v. THE STATE.

No. 19064.    Delivered June 2, 1937.
Rehearing Denied October 20, 1937.

The opinion states the case.

*Floyd Jones,* of Breckenridge, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of theft of cattle, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The indictment upon which appellant was tried contains two counts. The first charged that on or about the 22nd day of December, 1935, Bob Nixon did unlawfully and fraudulently take from the possession of Willie Taylor two head of cattle, without the consent of said Willie Taylor, and with the intent to deprive the said Willie Taylor of the value of the same, etc. The second count charged that on or about the 22nd day of December, 1935, Bob Nixon having possession of two cattle, then and there the property of Willie Taylor, by virtue of a contract of care and keep with the said Willie Taylor, did then and there unlawfully, without the consent of said Willie Taylor, fraudulently convert said two cattle to his, the said Bob Nixon's, own use, etc.

The court submitted the case to the jury on both counts. The jury found him guilty under the second count.

The testimony of Willie Taylor, the alleged owner, as to the alleged contract of care and keep of said cattle with appellant is as follows:

"As to whether Mr. Nixon had any contract to look after and take care of that cow, I will state that I took her out there and left her, and said to Mr. Nixon if anything happened to her to call me over the phone at my expense, or to drop me a card. There was not any contract of care and keep between me and Mr. Nixon. I had an interest in my father's place after his death and I just left the cow out there."

The testimony further shows that Willie Taylor's father owned a farm in Throckmorton County where he kept some cattle. Appellant was living on the farm at the time of the death of Willie's father. He continued to live there and also had a few cattle on the place. A few months prior to the time of the alleged offense and after the death of Mr. Taylor, the son Willie, carried one cow down to the farm and left her with

the request that if anything happened to her appellant should advise him thereof either by telephone or mail. The other cattle were already there.

In viewing the State's testimony in its strongest light, we do not believe that is sustains the verdict of the jury under the second count of the indictment charging theft by bailee.

Having reached the conclusion that the testimony is insufficient to sustain the verdict, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The owner of the alleged stolen animal by his own evidence destroyed the State's case as alleged in the count of the indictment under which conviction was had.

The State's motion for rehearing is overruled.

*Overruled.*